**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Margaret Suisala-Tavita,<br><br>Plaintiff,<br><br>v.<br><br>JR Rodriguez, et al.,<br><br>Defendants. | No. CV-17-03266-PHX-DGC<br><br>**ORDER** |

While driving to work on March 12, 2015, J.R. Rodriguez, a U.S. Border Patrol Agent, struck and killed a pedestrian in Pinal County, Arizona. Doc. 23 at 2. The pedestrian's mother, Plaintiff Margaret Suisala-Tavita, has filed a complaint against the United States, alleging that it is liable for Rodriguez's negligence under the Federal Tort Claims Act ("FTCA"). Doc. 10 at 2-3 ¶¶ 8-10. The United States has filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Doc. 23. The motion is fully briefed, and no party requests oral argument. The Court will grant the motion to dismiss.

**I.    Legal Standard.**

A motion to dismiss under Rule 12(b)(1) can be either a facial or factual attack on jurisdiction. *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). A facial attack asserts that the allegations in the complaint are "insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035,

1039 (9th Cir. 2004). A factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

In a facial attack, the complaint's allegations are taken as true and construed in favor of the non-moving party. *Jacobsen v. Katzer*, 609 F. Supp. 2d 925, 930 (N.D. Cal. 2009) (citing *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996)). In a factual attack, the plaintiff's allegations are not entitled to a presumption of truthfulness, the court may look beyond the pleadings to resolve factual disputes, and the plaintiff has the burden of proving jurisdiction exists. *Safe Air for Everyone*, 373 F.3d at 1039. The plaintiff must "present affidavits or any other evidence necessary to satisfy its burden[.]" *St. Clair v. City of Chino*, 880 F.2d 199, 201 (9th Cir. 1989).

**II. Analysis.**

Plaintiff argues that the Court must accept all allegations in the complaint as true and construe them in her favor pursuant to Rule 12(b)(6). Doc. 27 at 3-4. But the United States moves to dismiss under Rule 12(b)(1), not 12(b)(6), and the dismissal standards under these rules "differ greatly" when a 12(b)(1) motion makes a factual attack. *Thornhill Publ'g Co.*, 594 F.2d at 733 (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). The government's Rule 12(b)(1) motion makes a factual attack – it challenges the truth of the facts alleged in the complaint. Doc. 23 at 5-8. As a result, the Court will not presume the allegations to be true, and Plaintiff bears the burden of proving jurisdiction exists.

To assert a claim against the United States, Plaintiff must prove that it has waived its sovereign immunity. "'It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued.'" *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1087-88 (9th Cir. 2007) (citation omitted). The FTCA provides a limited waiver of sovereign immunity for torts committed by federal employees acting within the scope of their employment. 28 U.S.C. § 1346(b)(1); *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000). "FTCA scope

of employment determinations are made 'according to the principles of *respondeat superior* of the state in which the alleged tort occurred.'" *Wilson v. Drake*, 87 F.3d 1073, 1076 (9th Cir. 1996) (citation omitted). Because the accident at issue in this case occurred in Arizona, Arizona law applies. Doc. 23 at 4; Doc. 27 at 2-4. To show a waiver of sovereign immunity under the FTCA, Plaintiff therefore must show that Rodriguez was acting within the scope of his employment under Arizona law.

In Arizona, "[a]n employee's tortious conduct falls outside the scope of employment when the employee engages in an independent course of action that does not further the employer's purposes and is not within the control or right of control of the employer." *Engler v. Gulf Interstate Eng'g, Inc.*, 280 P.3d 599, 602 (Ariz. 2012) (adopting the Restatement (Third) of Agency § 7.07). Whether an employer exercised any control over its employee is determined at the time of the accident. *Id.*

Generally, an employee going to or returning from his or her place of employment is not within the scope of employment "unless the employee is rendering a service growing out of or incidental to the employment." *State v. Superior Court (Rousseau)*, 524 P.2d 951, 954 (Ariz. 1974); *see also Engler*, 280 P.3d at 602. In *Rousseau*, an Arizona National Guardsman was involved in a car accident at 5:20 a.m. while traveling to a 6:30 a.m. work training session. 524 P.2d at 953. The Arizona Supreme Court found that the guardsman's training did not require that he drive his own car or run errands for the Arizona National Guard prior to the training session. *Id.* at 954. Although the National Guard granted travel reimbursements, it "had no right to dictate the manner of travel, the route to be taken, [the] speed, or that [the guardsman] use his car to go and come from [the training session] as compared to other modes of travel." *Id.* Based on these circumstances, *Rousseau* held that the State of Arizona was not vicariously liable because "the travel itself . . . was not intrinsically involved with the scope of the employment service, nor involved with collateral duties[.]" *Id.*

Plaintiff's complaint alleges that Rodriguez was an employee with the United States Border Patrol ("USBP") at the time of the accident and "was under the control or

subject to the control of the USBP and the United States government." Doc. 10 at 2-3 ¶¶ 8-9. The United States disputes this allegation. Doc. 23 at 6.

Rodriguez has executed a declaration stating that his scheduled shift on March 12, 2015, was from 6:00 a.m. to 2:00 p.m., that the "accident occurred at approximately 5:49 a.m.," and that he was driving his "personally owned vehicle" at the time. Doc. 23-1 at 3-4 ¶¶ 4, 8-9. He declares that he was off-duty when the accident occurred because "Border Patrol Agents are 'on-duty' when their scheduled shift begins, or when they check-in to the station or duty location, whichever is later." *Id.* at 3 ¶ 3. Rodriguez attests that he planned to arrive at his duty station "just before 7:00 a.m., and to begin [his] shift at 7:00 a.m." *Id.* at ¶ 5.[1] He further avows that he was "not on an errand for the USBP, had made no stops for the USBP, was not going to make any stops for the USBP, and other than [his] service-issued uniform and gear, [] had no USBP property in [his] vehicle." *Id.* at 4 ¶ 14. He also states that "USBP does not have rules governing how I get to work, what route I take to work, or whether I can make any stops on my way to work." *Id.* at ¶ 15.

Rodriguez's supervisor, Jack T. Jeffreys, confirms these facts. Jeffreys declares that on March 12, 2015, "Rodriguez's scheduled shift was from 6:00 a.m. to 2:00 p.m."; that "Border Patrol Agents are 'on-duty' when their scheduled shift begins, or when they check-in to the station or duty location, whichever is later"; and that "Border Patrol Agents are not 'on-duty' when they are commuting to work." *Id.* at 8 ¶¶ 4-6. He also asserts that Border Patrol agents are not assigned government vehicles for their work commutes and that "Rodriguez was not assigned a government vehicle to commute from home to work and vice versa" on March 12, 2015. *Id.* at ¶¶ 9-10. The United States also cites a federal regulation providing that "[a] Border Patrol agent's travel time to and from

---

[1] Rodriguez does not explain why he intended to start his shift at 7:00 a.m. (Doc. 23-1 at 3 ¶ 5) if it was scheduled for 6:00 a.m. (*id.* at ¶ 4), but the Court does not find this potential inconsistency significant because both start times were after the 5:49 a.m. accident (*id.* at 4 ¶ 8).

- 4 -

home and the agent's regular duty station . . . may not be considered hours of work under any provision of law." 5 C.F.R. § 550.1637; *see also* Doc. 23 at 7.

Plaintiff does not dispute that the accident occurred at 5:49 a.m. while Rodriguez was driving to work, nor does she suggest that Rodriguez was performing some service for the USBP at the time. Plaintiff's sole argument is based on her quotation of the following statement from the Pinal County Sherriff's Office:

**DRIVER STATEMENT:**

I conducted a roadside interview with JR Rodriguez immediately following the collision. I also conducted a telephonic interview with JR Rodriguez on 03-13-15 at approximately 1300 hours. According to JR Rodriguez, Rodriguez was traveling to work in Casa Grande, Arizona. Rodriguez was dressed in a green BDU and was found to be an on duty U.S. Border Patrol Agent.

Doc. 27 at 3.

Plaintiff does not produce the document containing this statement or identify its author. But even assuming the quotation's veracity, it attributes to Rodriguez only the statement that he "was traveling to work," consistent with his declaration. The statement that Rodriguez was "found to be an on duty U.S. Border Patrol Agent" does not explain who made the finding or by applying what legal standard. In Arizona, when facts are undisputed, as they appear to be here, the determination of whether an employee is acting within the scope of his employment is a question of law. *Smith v. Am. Express Travel Related Servs. Co.*, 876 P.2d 1166, 1171 (Ariz. Ct. App. 1994). The Court need not accept as true a legal conclusion contained in an undisclosed accident report that provides no explanation of the basis for the conclusion.

This case is akin to *Rousseau*. The accident occurred while Rodriguez was driving to work, in his own vehicle, before the start of his shift. Nothing in the record suggests that he was performing any service for the USBP or that the USBP had the right to dictate where, when, or how he traveled to work. Given these facts, the Court concludes that Rodriguez was not within the scope of his employment under Arizona law at the time of the accident. Plaintiff has not carried her burden of showing that sovereign immunity has

been waived under the FTCA.  The Court will dismiss this case for lack of subject matter jurisdiction under Rule 12(b)(1).

**IT IS ORDERED** that Defendant's motion to dismiss for want of jurisdiction (Doc. 23) is **granted**.

Dated this 6th day of March, 2018.

David G. Campbell
United States District Judge